# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| **Bryan Aromaye D/B/A Consumer**<br>**Plaintiff,**<br><br>vs.<br><br>**WELLS FARGO BANK, N. A.,**<br><br>**Defendant.** | Civil Action No. 3:22-cv-00544 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

1. Comes now by special appearance, Bryan Aromaye, the natural person, sui juris, living and breathing flesh and blood man upon the land, peaceful pro se Plaintiff, acting in the capacity as executor of BRYAN AROMAYE, the Consumer in Commerce, operating within the laws of the Divine and under oath, brings forth this complaint of Unfair and Deceptive Practice and several other violations regarding **TRUTH IN LENDING (TILA), FAIR DEBT COLLECTION PRACTICES ACT(FDCPA), TEXAS BUSINESS AND COMMERCE CODE (TEX. &BUS. COM), UNIFORM COMMERCIAL CODE (UCC), FEDERAL TRADE COMMISION (FTC), FDIC LAW, REGULATIONS, RELATED ACTS- CONSUMER PROTECTION(FDIC 6000), CODE OF FEDERAL REGULATIONS (CFR), UNITED STATES CONSTITUTION, and TEXAS CONSTITUTION OF 1867**, upon the Defendant, Wells Fargo Bank, N.A., a fictitious entity, acting in the capacity as the Creditor and Debt Collector, in Commerce, under the penalty of perjury, that on or around,

2. **05-09-2021**, Plaintiff, with full faith and credit as provided by the United States Constitution, signed a Consumer Credit Contract which consists of 6 pages total, hereafter known a "Contract" (**Exhibit F1-F5**) as defined by **16 CFR §433.1(I)** *as any instrument which evidences a debt arising from a "Purchase Money Loan" transaction or a "Financed Sale"*, to purchase a vehicle on credit with Toyota of Dallas at the location of 2610 Forest Lane Dallas, Texas 75234, hereafter referred to as **Seller**, defined in **16 CFR §433.1** as " *a person who, in the ordinary course of business, sells or leases goods or services.*

3. Please take notice, "credit" has been defined in Truth in Lending Act (TILA) Regulation Z in **15 USC§1602 (f)** *"as the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment."*

4. Creditor is defined in **16 CFR §433.1(c)** as a person who, *in the ordinary course of business, lends purchase money or finances the sale of goods or services to consumers on a deferred payment basis; provided, such person is not acting, for the purpose of a particular transaction, in the capacity of a card issuer.*

5. This Contract {**Exhibit F1-F5**} was for the "Financing a Sale" as defined by **16 CFR§433.1(e)** which is the *"extending credit to a consumer in connection with a "Credit Sale" within the meaning of the Truth In Lending Act and Regulation Z"*(TILA) and was represented as a positive credit dollar amount of $7,595.49 on the Contract inside a boxed section with bold heading **Federal Truth in Lending Disclosures** with five smaller boxes inside of which, the second one next to the first box labeled in bold print *"FINANCE CHARGE"* which is technically an inaccurate amount represented

6. according to the definition involving a Finance Charge as defined in **15USC§1605(a) and 12 CFR §226.4(a)** *"as the sum of all charges in connection with any consumer credit transaction payable directly or indirectly by the consumer to whom credit is extended and imposed directly or by the creditor as an incident to the extension of credit. The Finance Charge does not include charges of a type payable in a comparable cash transaction."*

7. The Finance Charge amount reflected as a positive credit dollar amount must reflect the sum of all charges, which is shown on the Contract in the last of five small boxes labeled in bold print **Total Sale Price** of $38,213.28 as an "incident to the extension of credit." *id*.

8. In TILA, if the creditor provides an itemization, it must contain accurate disclosure of "each amount that is or will be paid to third persons by the Creditor on the consumer's behalf, together with an identification of or reference to the third person." *15 USC §1638(a)(2)(B)(iii)* **Gibson v. Bob Watson Chevrolet-Geo, Inc., 112 F.3d 283, 285 (7th Cir.1997)** *(citing 12 C.F.R. pt. 226, Supp. I § 18(c);* **Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 940 (7th Cir. 1995),** so the Contract does not reflect accurate disclosure to be in order with TILA as mentioned above and supported with cited caselaw example. *id*

9. As we take notice on the second page of the Contract, it reflects the itemization of amount financed as required by TILA but on line item E, titled Debt Cancellation Agreement Fee Paid to the **Seller**, shows a positive credit dollar amount of $675 and then on the third page of the Contract under the section labeled as *Optional Insurance Coverage and Debt Cancellation Agreement*, which is not a part of the itemization of amount financed section, shows a premium or Fee of $675 for a term of 72 months with a third party Insurance Company name OLD UNITED

3

CASUALTY CO in Shawnee Mission, KS, 66201 which is not the **Seller** and does not reflect accurate information on the line-item E of the itemization of amount financed as required by TILA. *id.*

10. Looking at **12 CFR§ 226.189(c)(1)(iii) n. 41**, "certain third-party persons, such as public officials, government agencies, credit reporting agencies, appraisers, and insurance companies, can be identified "using generic or other general terms." On the itemization of amount financed line-item E is inaccurately stated as the Seller when it should accurately be identified or reference to a third person to be in compliance with TILA *{15 USC§1638(a)(2)(B)}*.

11. On the first page of the Contract, towards the bottom, above the "Buyer Signs" line, contains the following in bold font:

    *NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER, which is in complete compliance to 16 CFR §433.2 and known as the Holder in Due Course Rule of the Federal Trade Commission Act.* **{Exhibit G}**

12. The Defendant acting in the capacity as the Creditor in Commerce, without any documentary evidence signed by anyone with first-hand knowledge under the penalty of perjury, believes Plaintiff owes a debt obligation for an alleged loan of credit in regard to a Finance Charge of the consumer's credit and is required to pay such debt deferred in "*US funds*" mentioned in the Contract{**Exhibit F1**} , but said term and/or method of payment "US funds" is not "*clearly and conspicuously*" disclosed or defined in writing, "*in a form that the consumer may keep*" and therefore deficient of meaning or intent for

adequate disclosure to be in full compliance with {**12 CFR§ 226.5(a)**}.

13. Please take judicial notice of the term " US funds" is not reference in any laws to the knowledge of the Plaintiff and the only reference to the payment of debts known to the Plaintiff and that could be lawfully asserted is in the United States Constitution Art. 1 Sec. 10; **'No State shall enter into any treaty, Alliance, or Confederation; grant Letters of Margue and Reprisal; coin Money; emit Bills of Credit; make anything but gold and silver coin a tender in payment of debts; pass any bill of attainder, ex post fact Law or law impairing the obligation of contracts, or grant title of nobility."**

14. Please take further judicial notice that pursuant to {**18 USC§8**}, *"any obligation or certificates of indebtedness, and other representatives of value are obligation of the United States,"* and this was a "Financed Sale" transaction involving the extension of a federally protected consumer known as the Plaintiff, who executed his signature, thus exercising his right to the disclosure of meaningful informed use of credit which is a *"right granted by a Creditor to a debtor to defer payment of debt or to incur debt and defer its payment"* as previously mentioned under TILA {**15 USC§1602(f)**}.

15. Also take special notice, in {**TEX. BUS.& COM.§3.303(b)**} *"Consideration" means any consideration sufficient to support a simple contract"*, Plaintiff has not been presented with and currently is not in possession of any documentary evidence signed under the penalty of perjury that Defendant acting as Creditor or anyone other person with first-hand knowledge provided to Plaintiff with anything of true value or lawful money therefore lacks value and consideration and/or performance on behalf of the Defendant.

16. Defendant and Plaintiff both agree to what the Contract states in regard to this alleged loan of

credit, no value and no consideration outside of what the four-corner rule of this contract states as a Finance Charge of the consumer's credit through TILA and no other type of loan or cash was involved in this consumer transaction.

17. Pursuant to *{12 USC § 83}*, *"no national bank shall make any loan or discount on the security of the shares of its own stock"*, and Plaintiff has not been presented with and is currently not in possession of any documentary evidence signed under the penalty of perjury by anyone with firsthand knowledge nor has anything been submitted onto the Courts as authentic evidence to show Defendant has a valid proof of an obligation lawfully owed.

18. The Defendant acting in the capacity as Creditor, operating in commerce as Wells Fargo Bank, N. A., a fictitious entity understood to be a corporation that does not have any rights over or against the Plaintiff who is a natural person and **"the rights protected by the Constitution are the rights of natural persons only. Artificial entities, such as corporations, shall have no rights under the Constitution and are subject to regulation..."** [*H.J.Res.48-116th Congress]* {**Exhibit I**}

19. Take specific judicial notice, the Federal Trade Commission's(FTC) Holder in Due Course Rule located in 6000 Consumer Protection of the FDIC Law, Regulations, Related Acts, {**Exhibit G**} **"determined that it constitutes as an unfair and deceptive practice within the meaning of Section 5 of the FTC Act {15 USC§ 45} for a Seller in commerce, in the course of financing a consumer purchase of goods or services, to employ procedures which makes the consumer's duty to pay independent of the seller's duty to fulfill his obligations."**

20. The FTC went on to state that *"under ordinary contract law, the promises to the parties to a sale transaction are mutually dependent. A seller is entitled to payment provided he delivers*

*what he promised to deliver. If a seller fails to deliver what was promised, the consumer's obligation to pay may be reduced or even eliminated. However, it is possible for a seller to arrange credit terms for buyers which separates the consumer's legal duty to pay from the seller's legal duty to keep his promise..."* This rule preservation of consumers rights against the seller was *"designed to prevent the widespread use of credit terms which compel consumers to pay a creditor even if the seller's conduct would not entitle the seller to be paid."* id.

21. On or around 12-16-2021, Plaintiff made a final attempt at requesting from the Creditor, who was acting in the capacity of debt collector at the time by definition of {**15 USC§ 1692a(6)**}, for the validation of the alleged debt pursuant to FAIR DEBT COLLECTION PRACTICE ACT(FDCPA) as evidenced by {**Exhibit C-4**} and Plaintiff currently is not in possession of any such documentary evidence of a verified valid debt obligation.

22. On or around 1/5/2022, Defendant disturbed the peace of the Plaintiff and violated the Plaintiff's bill of rights granted by Texas Constitution of 1897 Art. 1 Sec. 9 that states *"The people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause supported by oath or affirmation"* and *Id. Sec. 19 "that no citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of law of the land{EXHIBIT I}*, by hiring a third party asset management company and sending them to Plaintiffs residence to unlawfully seized Plaintiff's personal property which is referred to as collateral in said Contract top of page 3, and held for ransom without a court order or judgment. *{EXHIBIT D1}*

23. On or around 7/6/2022, Defendant, acting in the capacity of a Debt Collector, sent Plaintiff a letter though Unites States Postal Mail, which is a **"instrumentality of interstate commerce or mails in any business that the principal purpose of which is the collection of any debt."**{15 USC §1692(6)} stating that the Plaintiff's total debt amount was $39,152.31 but Plaintiff's property, known as collateral, had been sold on 6/23/2022 for $28,200.00 and this act caused more injury to Plaintiff. {EXHIBIT J}

## CLAIM OF DAMAGES

1. Inaccurate disclosure of the "Total Amount Financed". TILA violation of the Required Disclosure by Creditor *{15 USC §1638(a)(2)(B)(iii)* **Gibson v. Bob Watson Chevrolet-Geo, Inc.,** *112 F.3d 283, 285 (7th Cir.1997) (citing 12 C.F.R. pt. 226, Supp. I § 18(c);15 USC§ 1601)}*

2. Inaccurate identification of/or reference to the person that will be paid listed on the itemization of the amount financed. TILA Violation of Required Disclosure by Creditor *{15 USC §1638(a)(2)(B)(iii)* **Gibson v. Bob Watson Chevrolet-Geo, Inc.,** *112 F.3d 283, 285 (7th Cir.1997) (citing 12 C.F.R. pt. 226, Supp. I § 18(c) 15 USC§ 1601)}*

3. TILA Violation for Failure to provide the general disclose requirements of terminology pursuant to *{12CFR 226.5(a)(2)(i); 15 USC§ 1601)}*

4. Violation of Unfair and Deceptive Practices Act. *{Sec. 5 FTC Act, FDIC 6000 Consumer Protection, and 15 USC§ 45}*

5. Violation of Texas Deceptive Trade Practice law (DTPA). *{**Bus. & Com. §17.41**}*

6. Violation to Fair Debt Collections Practices Act (FDCPA) *{15 USC§ 1692a (6)}*

7. Violation of Consumer Bill of Rights under the Constitution. *{Article 1 Sec.9}*

8. Violation of Consumer Bill of Rights under the Constitution. *{Article 1 Sec.19}*

## CLAIM OF RELIEF

Plaintiff seeks total claim of relief in the amount of **$230,218.15** as tabulated:

1. **$76,426.00** {$38,213.28 X 2} *"twice the amount of any Finance Charge" {15 USC§ 1640 (a)(1); Carrie Mars, Appellant, v. Spartanburg Chrysler Plymouth, Inc. and First National Bank of South Carolina, Appellees, 713 F.2d 65 (4th Cir. 1983); Carney v. Worthmore Furniture, Inc., 561 F.2d 1100, 1103 (4th Cir.1977); Turner v. Firestone Tire & Rubber Co., 537 F.2d 1296 (5th Cir. 1976)}*

2. **$39,152.31** Refund of monies paid under Contract or liquated unpaid balance owed to Creditor. {**FTC**;*6000 Consumer Protection, FDIC Law, Regulations, Related Acts*}

3. **$114,639.84** {$38,213.28 X 3} Actual and treble damages, injunctive relief, restitution, attorney's fees, and costs, plus remedies available in other laws. *{DTPA; Bus. & Com. §17.50}*

## PRAYER TO THE COURT

Therefore, Plaintiff, respectfully request if there is any documentary evidence or witness with firsthand information be produced and submitted unto the Court and Plaintiff for review and/or on a finding of no right and/or authority of Defendant, the Court awards the Plaintiff *Summary Judgment* and claim of relief of damages in the amount of **$230,218.15** as tabulated and under TILA, FTC, and DTPA of this complaint and for such other relief as the Court deems just and equitable .

**RESPECTFULLY SUBMITTED** this 19th day of December 2022

*Aromaye, Bryan Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

I certify that true and correct copy of the following was served on this ___ day of December 2022 via U.S. Mail on:

*Robert T. Mowrey*

*State Bar No.14607500*

*rmowrey@lockelord.com*

*Elizabeth K. Duffy*

*State Bar No.24050535*

*eduffy@lockelord.com*

*2200 Ross Avenue, Suite 2800*

*Dallas, Texas 75201-6776*

*(214)740-8000 (Telephone)*

*(214)740-8800 (Facsimile)*

*Aromaye, Bryan Pro Se Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| **Bryan Aromaye D/B/A Consumer**<br>**Plaintiff,**<br><br>vs.<br><br>**WELLS FARGO BANK, N. A.,**<br><br>**Defendant.** | Civil Action No. 3:22-cv-00544 |

## ORDER GRANTING PLAINTIFF MOTION FOR LEAVE
## TO FILE FIRST AMENDED COMPLAINT

Comes on to be considered in the above-refereanced matter, the Motion for Leave to File First Amended Complaint( the "Motion") filed by Plaintiff Bryan Aromaye. Upon consideration, the Court is of the opinion that the Motion is well-taken and should be granted.

It is THEREFORE ORDERED that the Motion is GRANTED

It is ORDERED that Plaintiff's First Amended Complaint ( the Amended Complaint), Exhibit K to the Motion, is deemed filed as of the date of this Order. The Clerk of Court shall file a copy of the Amended Complaint in accordance with the Order.

SO ORDERED:_____

_____

UNITED STATES DISTRICT JUDGE

1

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| **Bryan Aromaye D/B/A Consumer**<br>**Plaintiff,**<br><br>vs.<br><br>**WELLS FARGO BANK, N. A.,**<br><br>**Defendant.** | Civil Action No. 3:22-cv-00544 |

## AFFIDAVIT OF PLAINTIFF

I, Bryan Aromaye, the natural person, living breathing flesh and blood man upon the land, of sound mind and has reached the age of majority, peaceful pro se Plaintiff, acting in the capacity as executor of BRYAN AROMAYE, the ens legis, the Consumer in Commerce, federally protected by the Bill of rights of Constitution of The State of Texas operating within the laws of GOD, the Divine, and under oath I state the following facts as true so help me GOD:

1.) I, on or around May 5, 2021, signed a Consumer Credit Contract with TOYOTA OF DALLAS at the location of 2610 Forest Lane Dallas, Texas 74234.

2.) The Contract was for a Finance Charge for the purchase of a motor vehicle on credit for the sum of charge of $38,213.28 relating to my transaction that was represented as a positive dollar amount.

3.) I was under the impression, as written in the consumer credit contract and in full faith and credit, that I executed my right of the use of credit, provided to me through law, for the purchase of goods and services for my family.

4.) WELLS FARGO BANK, N. A., acting in the capacity as the Creditor, but the Defendant in this complaint, is a fictious corporation acting in commerce and believes that I owe a debt obligation for an alleged loan of credit.

5.) I am not currently in possession of, nor have I been presented with when disputed, any documentary evidence signed by anyone with first-hand knowledge of such claim.

1

6.) WELLS FARGO BANK, N. A, is a fictious corporation acting in commerce, but has no rights under the Constitution and is subject to regulation.
7.) WELLS FARGO BANK, N.A., as a national bank cannot make any loans or discount on the security of the shares of its own stock.
8.) On or around 1/5/22, Defendant sent a third-party asset management company to violate my rights as a consumer protected under the Constitution through the unlawful seizure of my personal property without authority or due process.
9.) On or around 7/6/22, Committed a further act of injury to me buy selling my personal property without authority or due process.
10.) As of currently, I'm not in possession of any documentary evidence that Wells Fargo Bank, N.A. was lawfully owed a debt obligation requiring them to be paid in US funds, nor has anything been presented to me that was signed under the penalty of perjury of someone with first-hand knowledge of the event that took place on May 5, 2021.
11.) I, under the penalty of perjury, under my free will and abilities, confirm the above said facts and the details in the First Amended Complaint as true and accurate to the best of my GOD given ability read and remember so help GOD.

12/19/2022

Aromaye, Bryan Pro Se Plaintiff

"Without Recourse"

STATE OF Texas
COUNTY OF Dallas

TAHJANAE RANDLE
Notary Public, State of Texas
Comm. Expires 01-17-2026
Notary ID 133537289

The foregoing instrument was acknowledged before me this 19 day of Dec., 2022, by Bryan Aromaye

Notary Public's Signature
My Commission Expires 01-17-2026

Tahjanae Randle
Notary Name

2