ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| Bryan Aromaye D/B/A Consumer<br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N. A.,<br><br>Defendant. | Civil Action No. 3:22-cv-00544 |

## PLAINTIFF'S MEMEORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGEMENT

Comes now, again, by special appearance, Bryan Aromaye, the natural person, sui juris, living and breathing flesh and blood man upon the land, peaceful pro se Plaintiff, acting in the capacity as executor of BRYAN AROMAYE, the Consumer in Commerce, operating within the laws of the Divine and under oath, respectfully submits the following memorandum of law in support of this Motion for Leave to File First Amended Complaint and for Summary Judgement pursuant to Federal Rule of Civil Procedure 56 and local Rule 166a.

## SUMMARY OF MOTION

Plaintiff and Defendant both agree that there is no controversy to the underline facts mentioned of the Contract, which serves as prima facie evidence in Plaintiff's Amended Complaint and unrebutted Affidavit, that Defendant has not provided any documentary evidence to Plaintiff or

the Court in support of or to rebut all factual statements made within it or of the Affidavit submitted onto the record. We both also agree "An Unrebutted Affidavit Stands as Truth in Commerce" because "He who does not deny, admits."

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.) Plaintiff, on or around May 5, 2021, signed a Consumer Credit Contract with TOYOTA OF DALLAS at the location of 2610 Forest Lane Dallas, Texas 74234.
2.) The Contract was for a Finance Charge for the purchase of a motor vehicle on credit for the sum of charge of $38,213.28 relating to my transaction that was represented as a positive dollar amount.
3.) Plaintiff was under the impression, as written in the consumer credit contract and in full faith and credit, that I executed my right of the use of credit, provided to me through law, for the purchase of goods and services for my family.
4.) Defendant, WELLS FARGO BANK, N. A., acting in the capacity as the Creditor, but the Defendant in this complaint, is a fictious corporation acting in commerce and believes that I owe a debt obligation for an alleged loan of credit.
5.) Plaintiff is not currently in possession of, nor has he been presented with when disputed, any documentary evidence signed by anyone with first-hand knowledge of such claim.
6.) WELLS FARGO BANK, N.A, is a fictious corporation acting in commerce, but has no rights under the Constitution and is subject to regulation.
7.) WELLS FARGO BANK, N.A., as a national bank cannot make any loans or discount on the security of the shares of its own stock.
8.) On or around 1/5/22, Defendant sent a third-party asset management company to violate Plaintiff's rights as a consumer protected under the Constitution through the unlawful seizure of his personal property without authority or due process.

9.) Defendant, on or around 7/6/22, Committed a further act of injury to Plaintiff buy selling his personal property without authority or due process.
10.) As of currently, Plaintiff is not in possession of any documentary evidence that Wells Fargo Bank, N.A. was lawfully owed a debt obligation requiring them to be paid in US funds, nor has anything been presented to Plaintiff that was signed under the penalty of perjury of someone with first-hand knowledge of the event that took place on May 5, 2021.
11.) Plaintiff, under the penalty of perjury, under my free will and abilities, confirm the above said facts and the details in the First Amended Complaint as true and accurate to the best of his GOD given ability read and remember so help him GOD.

## LEGAL STANDARDS GOVERNING MOTION FOR SUMAARY JUDGEMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 32324 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997).

"[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J.dissenting)(1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

## PRAYER TO THE COURT

Therefore, "If your brother or sister sins, go and point out their fault, just between the two of you. If they listen to you, you have won them over. But if they will not listen, take one or two others along, so that 'every matter may be established by the testimony of two or three witnesses.' If they still refuse to listen, tell it to the church; and if they refuse to listen even to the church, treat them as you would a pagan or a tax collector.{Matthew 18:15-17NIV} Plaintiff, respectfully request if there is any documentary evidence or witness with firsthand information be produced and submitted unto the Court and Plaintiff for review and/or on a finding of no right and/or authority of Defendant, the Court awards the Plaintiff ***Summary Judgment*** and claim of relief of damages in the amount of **$230,218.15** as tabulated and under TILA, FTC, DTPA, and simple basic

elements of contract law of his Motion for Leave to File First Amended Complaint and for such other relief as the Court deems just and equitable under the laws of the Divine.

**RESPECTFULLY SUBMITTED** this 5th day of JANUARY 2023

_[signature]_
"Without Recourse"
Aromaye, Bryan Pro Se Plaintiff

# CERTIFICATE OF SERVICE

I certify that true and correct copy of the following was served on this ___ day of January 2023 via U.S. Mail on:

Robert T. Mowrey State Bar No.14607500
rmowrey@lockelord.com
Elizabeth K. Duffy State Bar No.24050535
eduffy@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214)740-8000 (Telephone)
(214)740-8800 (Facsimile)

_[signature]_
Aromaye, Bryan Pro Se Plaintiff
"Without Recourse"

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| Bryan Aromaye D/B/A Consumer<br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N. A.,<br><br>Defendant. | Civil Action No. 3:22-cv-00544 |

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Comes now to be considered in the above-referenced matter, The Motion for Summary Judgement (the "Motion") filed by Plaintiff, Bryan Aromaye. Upon consideration, the Court is of the opinion that the Motion is well-taken and should be granted.

It is THEREFORE ORDERED that the Motion is GRANTED

It is ordered that Plaintiff's Motion for Summary Judgement is deemed filed as of the date of this Order. The Clerk of Court shall file a copy of the Motion for Summary Judgement in accordance with the Order.

SO ORDERED: _____

_____
UNITED STATES DISTRICT JUDGE

1